The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | NO. CR20-0086-RAJ |
| Plaintiff, | |
| v. | ORDER ON DEFENDANT'S MOTIONS IN LIMINE |
| JUSTIN ERIN CRITCHELL, | |
| Defendant. | |

This matter comes before the Court on the Defendant's Motions in Limine.  Dkt. 54. The Court has reviewed the motion, and the records and files herein.

IT IS NOW ORDERED that:

1.      Mr. Critchell moves to limit any use of his prior acts or convictions, including any pending charges that have not been adjudicated on relevance grounds.  The government has agreed not to make use of any of Mr. Critchell's prior acts that do not involve Jane Doe. This commitment is conditioned upon the defendant not opening the door to these matters at trial.  The Court will hold the government to this commitment.   The government will, however, be permitted to offer Mr. Critchell's prior acts of domestic violence against Jane Doe.  This evidence is permitted to allow a comprehensive story regarding the commission of the crime.  For these reasons Mr. Critchell's motion is GRANTED in part and DENIED in part.

2.      Mr. Critchell moves to limit any use or mention of the samurai sword found on him at the time of the arrest on January 2, 2020.  The Court DENIES the motion because evidence of Mr. Critchell brandishing the knife is inextricably intertwined with his own statement which is admissible under Fed. R. Evid. 801(d)(2)(A).

3.      Mr. Critchell moves to limit and exclude any government witness from testifying about Jane Doe's alleged injuries being consistent with strangulation.  The government has committed that it will not be seeking opinion testimony from any of its fact witnesses regarding whether her injuries are consistent with being strangled.  The Court will hold the government to this commitment.

The government will be permitted, however, to offer "blind" expert testimony to testify about the mechanics, physiology and dangers of strangulation, as well as the clinical symptoms and findings or signs that are consistent with having been strangled.  Consistent with the requirements of *Daubert v. Merrell Dow Pharm. Inc.,* 509 U.S. 579,  (1993), the government will be required to meet the foundation and reliability requirements of Fed. Rule. Evid. 702 before such testimony is admitted before the jury.

Moreover, the government will not be restricted from offering evidence from fact witnesses regarding what they observed or heard, including what Jane Doe reported about the nature of her assault.  Other fact witnesses will be permitted to testify about their physical observations of Jane Doe's condition when they contacted her.

For these reasons, Mr. Critchell's motion is GRANTED in PART and DENIED in PART.

4.      Mr. Critchell moves this Court for an Order precluding the government from referring to him as "defendant."  The Court will make clear to the jury that he is presumed innocent and that he has no duty to put on any evidence in his defense.  This motion is DENIED.

5.      Mr. Critchell moves this Court to preclude references to Jane Doe as a "victim."  The government has committed that it will refrain from referring to Jane Doe as

the "victim" except during its opening statement and closing argument.  The Court will hold the government to this commitment.  Otherwise the motion is DENIED.

6.     Mr. Critchell moves to permit the use of Jane Doe's prior convictions or prior bad acts, including the February 9, 2019 incident, the June 23, 2011 incident, drug use, and theft convictions.  The Court will address each of these issues separately.

A.     The February 9, 2019 Incident.  The government concedes that evidence of this incident may be admitted, that Mr. Critchell and Jane Doe were fighting on February 9, 2019, that Jane Doe assaulted Mr. Critchell, and her subsequent statement.  The defendant is precluded, however, from offering extrinsic evidence of her alleged "lie" under the impeachment by contradiction doctrine or otherwise, *e.g.*, offering police reports or testimony by officers he names in his motion. The evidence is further prohibited under Fed. Rule Evid. 403.  For these reasons, the defendant's motion is GRANTED in PART and DENIED in PART.

B.     The June 23, 2011 Incident.  This incident is nearly 10 years ago in vintage.  The defendant has not presented a factual or legal basis to support the admission of this evidence as it is unrelated to Mr. Critchell.  The proposed evidence is precluded by Fed. Rules of Evid. 609 and 403.  If the government opens the door to this area during the examination of Jane Doe, then the Court will revisit this ruling.  The defense shall seek permission from the Court in advance of engaging in such examination in order for the Court to determine if the door has in fact been opened to warrant such examination.

In addition, the defendant seeks permission to ask on cross examination a general question if Jane Doe has ever lied to law enforcement in the past.  The proposed question is not tied to a specific date, time or circumstance, or even to Mr. Critchell.  The Court will tolerate some latitude in cross examination to the events of June 23, 2011 if Jane Doe responds with an unequivocal denial.  Under these circumstances some degree of extrinsic evidence examination will be permitted.

For these reasons, Mr. Critchell's motion is GRANTED in part and DENIED in part.

1        C.     Jane Doe's Drug Use.  Mr. Critchell moves to offer evidence of Jane

2 Doe's drug use.  The government does not dispute or object to evidence of Jane Doe's illicit

3 drug use on the date in question.  Consequently, the defendant's motion to examine her drug

4 use on the date in question is GRANTED.  General examination about her past drug use is

5 not admissible.  Absent a showing that connects an injury allegedly occurring to drug use

6 markings, the motion and examination request is DENIED.

7        D.     Jane Doe's Misdemeanor Theft Convictions in 2003, 2008 and 2013.

8 The defendant seeks the admission of three prior theft convictions of Jane Doe.  The 2003

9 conviction is 16 years old.  The 2008 conviction is now 11 years old.   Both of these

10 convictions are outside the 10-year restriction of Rule 609(b).  The Court understands that

11 credibility will be a critical issue in this case, however, the probative value of convictions of

12 these vintages has eroded because of the mere passage of time.  Moreover, the Court finds

13 admitting these old convictions would have substantial prejudicial effect on the jurors'

14 ability to weigh the credibility of Jane Doe at trial, *e.g.*, the 2008 conviction is a shoplifting

15 incident from Albertsons grocery store and involves the theft of four steaks with a value of

16 $95.51.  A conviction of this nature hardly goes to assisting in a determination of her

17 credibility at trial.  The defendant has also failed to articulate sufficient facts indicating that

18 the probative value of the convictions substantially outweighs its prejudicial value.  For these

19 reasons, neither of these two convictions are admissible and defendant's motion is DENIED.

20    As to the 2013 theft conviction the defendant's motion is DENIED.  The offense is

21 less than 10 years old and thus Rule 609(b) does not come into play, but Rule 609(a) does

22 apply.  As noted above, credibility is a central issue in this case.  The question of the truth or

23 falsity of a witness's statement is generally not advanced in any material way by a prior

24 showing of her conviction of a gross misdemeanor. While such a crime may indicate a lack

25 of respect for persons or the property of others, it does not bear directly on the likelihood that

26 the witness will testify truthfully.  *United States v. Ortega*, 561 F. F.2d 803 (9th Cir. 1977).

27 Nor is the examination allowed under Rule 608 because the Court does not find the acts to be

28 probative of truthfulness or untruthfulness.

1    The defendant is likewise precluded from cross examining Jane Doe on the other prior

2    convictions disclosed to this Court under Rules 609 or 608.

3    For all of the foregoing reasons, the defendant's Motions in Limine (Dkt. 54) are

4    **GRANTED** in part and **DENIED** in part.

5    DATED this 13th day of November, 2020.

6

7    _____

8    The Honorable Richard A. Jones
     United States District Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER ON DEFENDANT'S MOTIONS IN LIMINE
*United States v. Critchell*, CR20-0086-RAJ – 5