The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO.  2:20-cr-00086-RAJ |
| Plaintiff, | ORDER |
| v. | |
| JUSTIN ERIN CRITCHELL, | |
| Defendant. | |

The Court held a pretrial conference via Zoom videoconference in this matter on November 16, 2020.  Having heard from counsel and having taken into consideration the briefing submitted on the issues raised, for the reasons stated orally on the record, the Court made the following determinations which are memorialized as follows:

1.      Defendant declined to waive his in-person presence at the pretrial conference and proceed remotely.  The Court found Defendant's presence was not required pursuant to Fed. R. Crim. P. 43(b)(3).  However, Defendant did attend the entirety of the hearing by way of Zoom videoconference.

2.      For the reasons set forth by the Court related to protection of the health and safety of all trial participants during the COVID-19 pandemic, and with Defendant's consent as stated on the record, the entirety of the voir dire process will be conducted remotely using the Zoom platform.

ORDER - 1

3. Defendant's request that the jury pool to be summoned for voir dire be larger than normal was GRANTED. After consultation with the district's jury coordinator, the Court has determined to summon at least 250 jurors.

4. Defendant's request that he and his attorneys be allowed to be physically present together in the courtroom during the remote voir dire process, as long as social distancing protocols are maintained, was GRANTED.

5. Defendant's request that he and his counsel be permitted to have access to both questionnaires to be completed by the potential jurors, which shall consist of an initial questionnaire to the entire pool designed to determine if the juror has the technological capability to participate in remote voir dire proceedings and the juror's willingness to participate in an in-person trial, and a secondary questionnaire to those jurors who will participate in remote voir dire consisting of questions related specifically to this case was GRANTED.

6. Defendant's request for additional time to conduct attorney voir dire questioning was GRANTED.

7. Defendant's request that he be provided with the names and detailed information regarding those jurors who indicate a lack of technological capability to participate in remote voir dire was DENIED.

8. Defendant's request for five additional peremptory challenges was DENIED.

9. The Court determined the trial would not be broadcast via a streaming video link. The Court will provide an overflow courtroom where members of the public, including Defendant's family and either party's supporters, may observe the trial by way of a video link, with proper social distancing protocols to be observed.

10. The Court excluded all witnesses from observing the testimony until the witness has completed his or her testimony and has been excused by the Court. No witness will be permitted to observe the trial from the overflow courtroom until that witness has completed his or her testimony and has been excused by the Court.

ORDER - 2

11.     The Court set forth the following directives related to the voir dire process:

A.      While on-screen during voir dire, the jurors will be identified by number only.  The jurors' names will be omitted.

B.      The Court amends its determination at the pretrial conference regarding attorney-conducted voir dire as follows:  The Court will conduct remote voir dire with 48 prescreened jurors.  The voir dire will be conducted in three sessions with 16 potential jurors participating in each session.  Each party shall have 45 minutes of attorney-conducted voir dire per panel, for a total of 135 minutes each for the Defendant and for the Government.

C.      The Court amends its determination at the pretrial conference regarding the number of peremptory challenges that each party will have the opportunity to exercise.  Pursuant to FRCrP 24(b)(2) and FRCrP 24(c)(4), the Defendant shall have 11 peremptory challenges and the Government shall have 7 peremptory challenges.

D.      The Court will seat 12 jurors and 2 alternates.

E.      Should any juror be seated on the jury who resides more than 60 miles from the Seattle courthouse, the Court alerts the parties the proceedings may have to recess for an adequate time to permit the juror to travel to Seattle after remote voir dire for the in-person portion of the trial.

12.     The Court sought clarification on Defendant's request for an evidentiary hearing on his Motion to Dismiss Indictment for Speedy Trial Violation (Dkt. #53).  The Court ordered the Government to provide to the Court for *in camera* review the documents pertaining to the Government's communications with tribal law enforcement regarding the timing of the determination of jurisdiction for prosecution of this matter.  Such records shall be provided to the Court under seal no later than 4:30 p.m. on Friday, November 20, 2020.

///

///

///

ORDER - 3

13.     The Court heard from counsel regarding the Government's request for the Court to revisit its previous ruling and expand the scope of the permitted testimony of the Government's "blind" strangulation expert.  The Court ordered the Government to produce to Defendant an updated Rule 16 notice and disclosure of the opinions of the expert no later than noon on Friday, November 20, 2020.

14.     The Court set a deadline for the Government to provide its witness list to Defendant no later than noon on November 23, 2020.  Defendant shall provide his witness list to the Government two days later, but in any event no later than noon on November 25, 2020.

15.     The Court sets the following hearings:

A.     Status Hearing Regarding Jury Selection:  Friday, November 20, 2020 at 8:30 a.m. via Zoom videoconference.

B.     Hearing on Defendant's Motion to Dismiss (if necessary):  Monday, November 30, 2020, at 8:30 a.m. via Zoom videoconference.

16.     If the Defendant or Government objects to any of the procedures set forth in this Order, such objection must be made in writing no later than noon on Wednesday, November 18, 2020.

DATED this 17th day of November, 2020.

Richard A Jones

The Honorable Richard A. Jones
United States District Judge

ORDER - 4