HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>   v.<br><br>JUSTIN ERIN CRITCHELL,<br><br>                Defendant. | No. CR-20-0086-RAJ<br><br>ORDER ON MOTION TO DISMISS THE INDICTMENT FOR VIOLATION OF DEFENDANT'S RIGHT TO A SPEEDY TRIAL |

## I.   INTRODUCTION

This matter comes before the Court on Defendant Justin Erin Critchell's motion to dismiss the indictment under the Sixth Amendment's speedy trial clause and the Speedy Trial Act pursuant to 18 U.S.C. § 3161 *et seq*. Dkt. # 53. Having reviewed the motion, the record, and relevant case law, the Court **DENIES** the motion.

## II.   BACKGROUND

Mr. Critchell was arrested by the Tulalip Police Department for an alleged assault of Jane Doe on the Tulalip Indian Reservation on January 2, 2020. Dkt. # 53 at 1; Dkt. # 57 at 2. He was arraigned in Tulalip Tribal Court where he was charged with

ORDER – 1

aggravated assault domestic violence on January 6, 2020. Dkt. # 53 at 1-2. On that date, Mr. Critchell asserted his right to a speedy and public trial through signed Tribal Court documents. *Id.* at 2. The Tribal Court scheduled a jury trial for March 4, 2020 with a speedy trial date deadline of March 6, 2020. *Id.* Mr. Critchell was held in the custody of the Tulalip Tribes at the Snohomish County Jail pending trial. Dkt. # 57 at 2.

On March 4, 2020, Jane Doe testified before a federal grand jury. Dkt. # 57 at 2. Two days later, on March 6, 2020, the Western District of Washington issued General Order 01-20 addressing the impact of the spread of COVID-19 within the Western District of Washington. *Id.* The Order continued all grand jury proceedings until further Order of the Court. The same day, the Tulalip Tribal Court judge issued Mr. Critchell's temporary release, authorizing federal custody solely for the purpose of transporting Mr. Critchell to federal court. Dkt. # 57 at 3.

On March 9, the Honorable Michelle L. Peterson signed a Complaint charging Mr. Critchell with Assault by Strangulation, in violation of 18 U.S.C. §§ 113(a)(8) and 1153. *Id.* The FBI arrested Mr. Critchell and brought him into federal custody on March 10, 2020.

On March 13, 2020, the President of the United States issued a proclamation declaring the COVID-19 outbreak in the United States a national emergency. Dkt. # 57 at 3. The same day, the Bureau of Prisons announced new measures aimed at minimizing the risk of transmission of COVID-19 through its facilities. Dkt. # 53 at 3. Family visits and legal visits were suspended. *Id.*

On March 17, 2020, Chief Judge Martinez issued General Order 02-20, which closed the Seattle and Tacoma courthouses and continued all civil and criminal hearings and trial dates scheduled to occur before June 1, 2020. General Order 02-20 permitted the use of "video/telephonic conferences as appropriate and at the discretion of individual judges."

Later that day, the Court conducted a detention hearing via video conference with

ORDER – 2

1  Mr. Critchell in the courtroom based on General Order 02-20 and public safety and health
2  concerns.  Dkt. # 9.  Mr. Critchell was ordered detained and remanded to custody, and a
3  status hearing was scheduled for mid-April.  *Id.*
4        On April 13, 2020, Chief Judge Martinez issued General Order 07-20 extending
5  the restrictions set forth in prior general orders for another 30 days based on the ongoing
6  pandemic.  Dkt. # 57 at 4.  Following the issuance of the General Order, the Government
7  filed a motion for an extension of time to indict due to the continuance of grand jury
8  proceedings.  Dkt. # 15.  On April 28, 2020, the Honorable Brian A. Tsuchida held a
9  preliminary hearing via WebEx and found probable cause that Mr. Critchell had
10 committed the offense with which he had been charged.  *Id.*  Mr. Critchell subsequently
11 filed a motion to dismiss for lack of probable cause.  Dkt. # 22.
12       On May 11, 2020, the Honorable Mary A. Theiler granted the Government's
13 motion to extend the indictment deadline from May 9, 2020 to July 31, 2020.  Dkt. # 23.
14 Two days later, on May 13, 2020, Chief Judge Martinez issued General Order 08-20,
15 extending the restrictions of previous General Orders.  The Order continued all grand jury
16 proceedings, civil and criminal in-person hearings, and trial dates scheduled to occur
17 before August 3, 2020.
18       On June 15, 2020, the Honorable James L. Robart, to whom the case had been
19 referred for the purpose of ruling on the motion to dismiss for lack of probable cause,
20 denied the motion.  Dkt. # 27.  On July 7, 2020, the Court granted the Government's
21 second motion to extend the indictment deadline and pushed it to August 31, 2020 based
22 on the ongoing health risks associated with COVID-19.  Dkt. # 29.
23       On July 7, 2020, Chief Judge Martinez granted an exception to General Order 08-
24 20 and allowed for the resumption of federal grand juries beginning the week of July 20,
25 2020.  On July 23, 2020, a federal grand jury issued an indictment charging Mr. Critchell
26 with one count of assault by strangulation, in violation of 18 U.S.C. §§ 113(a)(8) and
27 1153.  Dkt. # 30.  A week later, on July 30, 2020, Chief Judge Martinez issued General
28 ORDER – 3

Order 11-20, which extended the prior General Orders and continued all grand jury proceedings as well as all in-person hearings and trial dates scheduled to occur before September 8, 2020, based on the ongoing pandemic.

The same day, Mr. Critchell was scheduled to be arraigned, but the arraignment did not go forward because he did not consent to proceed by video and waive an in-person appearance. Dkt. # 57 at 6. While the Government and court staff contacted Mr. Critchell's attorneys over the next month to reschedule an arraignment, Mr. Critchell stated through his attorneys that he refused to appear unless he could appear in person in Court. *Id.* at 7. His attorneys stated, "[w]hen the court is open again, we can proceed to have him arraigned." *Id.* After court staff expressed concerns about the lack of arraignment on the indictment and indicated that it could enter not guilty pleas on his behalf and set a trial date without his presence, Mr. Critchell agreed to this approach. *Id.*

Mr. Critchell filed a motion to suppress statements on August 31, 2020. Dkt. # 35. On September 4, 2020, Chief Judge Martinez issued General Order 13-20, which extended the procedures set forth in the prior General Orders and continued all grand jury proceedings, in-person hearings, and trial dates scheduled to occur before October 5, 2020. On September 10, 2020, Mr. Critchell was arraigned via video over his objections. Dkt. # 38. The Court entered a not guilty plea on his behalf and set a trial date of September 28, 2020. *Id.*

The same day, the Government filed a motion to continue the trial date in light of General Order 13-20 which continued all jury trials scheduled to commence before October 5, 2020. Dkt. # 40. Mr. Critchell opposed the motion, arguing that a continuance was unwarranted and asserting his right to a speedy trial. Dkt. # 42. On September 17, 2020, the Court granted the motion to continue the trial date. Dkt. # 46. The Court found that based on the recommendations of the Centers for Disease Control and Prevention ("CDC") and local health officials regarding social distancing measures required to stop the spread of the disease, "it is not possible at this time to proceed with a

ORDER – 4

jury trial in the immediate future." *Id.* at 1.  The Court also found the time between September 17, 2020, the date of the order, and October 5, 2020 to be excludable in the computation of time within which trial must commence pursuant to 18 U.S.C. § 3161(h)(7)(A).  *Id.* at 2.

On October 8, 2020, the Court rescheduled trial for December 14, 2020.  Dkt. # 47.  The same day, the Court issued an order excluding the time between October 5, 2020 and the new trial date of December 14, 2020.  Dkt. # 49.  Mr. Critchell objected to this order.  Dkt. # 50.  On October 13, 2020, the Court granted Mr. Critchell's motion to suppress statements.  Dkt. # 51.  Two weeks later, Mr. Critchell filed this motion to dismiss for speedy trial violation.  Dkt. # 53.

### III.  DISCUSSION

Mr. Critchell contends that his speedy trial rights under the Speedy Trial Act and the Sixth Amendment have been violated given the length of time between the indictment, which was returned on July 24, 2020, and his trial date of December 14, 2020.  Dkt. # 53 at 7.  Mr. Critchell also asserts that the Government may have used Mr. Critchell's Tribal detention between January 2, 2020 and March 9, 2020 "as a ruse" to delay his initial appearance in federal court to allow the FBI or the USAO to gather more evidence to prosecute a federal offense.  Dkt. # 61 at 4.  The Court will consider the alleged statutory and constitutional violations, as well as the alleged use of detention as a ruse, in turn.

**A.    Speedy Trial Act**

Under the Speedy Trial Act, 18 U.S.C. § 3161, the trial of a defendant shall begin within seventy days of the indictment or from the date the defendant appeared before a judicial officer of the court, whichever is later.  18 U.S.C. § 3161(c)(1).  Mr. Critchell notes that his trial is set to begin 144 days after the filing of the indictment.  Dkt. # 53 at 7.  It is undisputed that Mr. Critchell has asserted his speedy trial rights repeatedly throughout the course of the prosecution.  *Id.*; Dkt. # 57 at 16.  He claims this delay has

ORDER – 5

deprived him of his right to a speedy trial and the indictment must therefore be dismissed. Dkt. # 53 at 7.

As the Government notes, however, Section 3161(h) of the Speedy Trial Act excludes specific periods of delay in computing the time within which an indictment must be filed or within which a trial must commence. 18 U.S.C. § 3161(h). As relevant here, one such excludable period is a delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant, his counsel, or the attorney for the Government, if the judge "granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

The Honorable Ricardo S. Martinez, Chief United States District Judge for the Western District of Washington, relied on this statutory provision in issuing General Orders responding to the outbreak of COVID-19 in Western Washington, which was found to present an unacceptable health risk. In General Order 01-20, issued on March 6, 2020, the Chief Judge continued all civil and criminal matters scheduled for an in-Court appearance before any district or magistrate judge, based on the significant risk to public health and guidance issued by the CDC, as well and state and local health officials. Included in the order was a finding that the delays resulting from the General Order were excludable under 18 U.S.C. § 3161(h)(7)(A). This Order was extended by subsequent orders until October 2, 2020, when the Court issued a General Order 15-20, which permitted individual judges to proceed with a very limited number of in-person hearings in felony criminal proceedings.

On October 8, this Court set a trial date for Mr. Critchell of December 14, 2020. Dkt. # 47. The Court issued an order finding that the time between October 5, 2020 and the new trial date of December 14, 2020 is excluded in computing the time within which trial must commence in "the ends of justice" pursuant to 18 U.S.C. § 3161(h)(7)(A). Dkt. # 49. The Court also issued a prior order finding that the time between September 17,

ORDER – 6

2020 and October 5, 2020 was also excluded "in the ends of justice." Dkt. # 46. Based on the Western District of Washington's General Orders and this Courts subsequent orders, the period between July 24, 2020 and December 14, 2020 are excluded from the computation of time within which a trial must commence.

### B. Sixth Amendment Rights

The Sixth Amendment of the United States Constitution guarantees the accused in all criminal prosecutions the right to a speedy and public trial, by an impartial jury. U.S. Const. Amend. VI. Dismissal is the "only possible remedy" for a deprivation of the right to a speedy trial. *Barker v. Wingo*, 407 U.S. 514, 522 (1972). In determining whether a defendant's Sixth Amendment right to a speedy trial has been violated, courts generally consider four questions: (1) whether the delay was uncommonly long; (2) whether the government or the defendant is more to blame for the delay; (3) whether the defendant asserted his right to a speedy trial; and (4) whether he suffered prejudice as a result of the delay. *Doggett v. United States*, 505 U.S. 647, 651 (1992) (citing *Barker*, 407 U.S. at 530). None of these factors, however, are regarded "as either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial." 407 U.S. at 533. Instead, they are related factors and must be considered with other relevant circumstances as part of a "sensitive balancing process." *Id.* The Court must conduct a "functional analysis of the [speedy trial] right in the particular context of the case." *Id.* at 522.

Here, in consideration of the first factor, the Court recognizes that the length of Mr. Critchell's delay is not insignificant. He was arrested by tribal authorities on January 2, 2020 and then transferred into federal custody on March 10, 2020. Dkt. # 53 at 2. Given his anticipated trial date of December 14, 2020, Mr. Critchell has awaited trial for nine months since the day of his FBI arrest and over eleven months since his arrest by tribal authorities. The length of the delay, however, must be considered in relation to the reason the government uses to justify the delay. *See* 407 U.S. at 531. Indeed, "[a] deliberate attempt to delay the trial to hamper the defense should be weighted heavily

ORDER – 7

against the government." *Id.* A valid reason, however, "should serve to justify appropriate delay." *Id.*

The reason for the delay here is not an intentional effort by the Government; it is a factor far beyond its control. The COVID-19 global pandemic has significantly restricted all aspects of life for individuals in all but a handful of countries. The decision to halt court proceedings was made by the Court in response to the public health crisis in the Western District of Washington and the need for social distancing. The restrictions imposed by the Court were and continue to be based on the guidance of the CDC and state and local health officials. There is no evidence of an attempt by the Government to delay trial to hamper the defense following Mr. Critchell's arrest by the FBI, nor is there evidence of Government negligence. *See Doggett*, 505 U.S. at 647 (finding that the Government was to blame for the eight-and-a-half-year delay in arresting the petitioner after his indictment due to its negligence in pursuing him).

Mr. Critchell argues that the Government has contributed to the delay by "prioritiz[ing] grand jury proceedings over Mr. Critchell's right to a speedy trial." Dkt. # 53 at 10. This argument falsely equates grand jury proceedings with jury trials under the current conditions. Given the significant public health implications, they are not equivalent. Mr. Critchell fails to account for a key difference: the number of people required for each. Grand juries are comprised of 16 to 23 members. Fed. R. Crim. P. 6(a)(1). The only additional people who may be present while the grand jury is in session are government attorneys, a witness, a court reporter, and possibly an interpreter. Fed. R. Crim. P. 6(d)(1). A criminal jury trial in this court, on the other hand, includes the participation of a judge, court staff, government attorneys, defense attorneys, witnesses, twelve jurors, two alternate jurors, and as many members of the public that may fit into the court gallery. Perhaps more significantly, the process of jury empanelment in a criminal jury trial in this court usually includes 40 to 60 potential jurors, a judge, court staff, government attorneys, and defense attorneys, and is open to members of the public.

ORDER – 8

This number of people in a courtroom presents a substantially higher risk than the number of people required for a grand jury proceeding and is simply unsustainable under the current public health conditions.[1]  It is for this reason that Chief Judge Martinez declared that "[i]n-person trials…present an unacceptable public health risk."  Gen. Order 13-20.

Following the decrease in coronavirus cases, hospitalizations, and deaths over the months of August and September, Chief Judge Martinez issued another General Order, permitting a limited number of in-person jury trials to proceed in the district.  Gen. Order 15-20.  In accordance with the Order, the Court has conferred with the Federal Public Defender's Office and the United States Attorney's Office to prioritize cases.  Mr. Critchell's criminal trial was among the prioritized cases and is the first in-person jury trial the Court plans to hold since the COVID-19 outbreak forced the Court to close in March 2020.  The Court does not find any evidence of the Government's failing to prioritize Mr. Critchell's speedy trial right.

In consideration of the third factor, the Court recognizes that Mr. Critchell has repeatedly asserted his speedy trial rights.  Dkt. # 53 at 7; Dkt. # 57 at 16.  This factor alone is not dispositive, however, and must be considered in relation to the prejudice suffered.

With respect to the prejudice factor, the Supreme Court has noted that

---

[1] Indeed, the Court notes that the recent surge in coronavirus cases has led about two dozen U.S. district courts to suspend jury trials or grand jury proceedings as of the date of this Order, reflecting a halt in the efforts by federal courts to resume operations. Courts Suspending July Trials as COVID-19 Cases Surge, United States Courts (Nov. 20, 2020), https://www.uscourts.gov/news/2020/11/20/courts-suspending-jury-trials-covid-19-cases-surge.  The danger in conducting jury trials was vividly illustrated in the Eastern District of Texas, where a judge granted a mistrial in a trial in which fifteen participants tested positive for the coronavirus despite a variety of safety measures implemented by the court.  Katie Buehler, COVID-19 Outbreak Leads to Mistrial in EDTX, *Law360* (Nov. 17, 2020, 5:39PM) https://www.law360.com/articles/1329617/covid-19-outbreak-leads-to-mistrial-in-edtx.

ORDER – 9

"deprivation of the right to speedy trial does not per se prejudice the accused's ability to defend himself." 407 U.S. at 521.  Rather, a court must consider three interests which the speedy trial right was designed to protect in its evaluation of prejudice: (1) preventing oppressive pretrial incarceration; (2) minimizing anxiety and concern of the accused; and (3) limiting the possibility that the defense will be impaired.  *See* 407 U.S. at 532.  The last interest is the most important "because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Id.*

Mr. Critchell claims that he has suffered prejudice given "the undue and oppressive pretrial incarceration" combined with his long history of mental health issues.  Dkt. # 53 at 9-10.  He claims that he suffered prejudice due to "public scorn, deprivation of employment, and curtailment of his abilities to associate with his family during one of the most difficult times in our country's history." *Id.* at 10.  Significantly, Mr. Critchell does not assert that his defense will be impaired—the most important interest identified by the Supreme Court in *Barker*—but rather acknowledges that there is no "indication that important and critical evidence may have been lost or there has been a loss of memory by witnesses." *Id.*

In all, the Court finds that Mr. Critchell has not been deprived of his speedy trial right under the Sixth Amendment during the period between his arrest by the FBI and his anticipated trial date in federal court.  Although Mr. Critchell had asserted his speedy trial right throughout the course of prosecution and alleges some prejudice related to his incarceration, these factors alone are insufficient to demonstrate a deprivation of the right given the circumstances surrounding the delay.  Indeed, the impact of the COVID-19 pandemic cannot be understated.  In less than a year since it was first identified in December 2019, there have been over 11 million confirmed cases and approximately

ORDER – 10

250,000 deaths in the United States alone.[2]  The new coronavirus that causes COVID-19 spreads more easily than flu and causes more severe illnesses in some people.[3]  It can be insidious, infecting people who do not manifest symptoms but are highly contagious nonetheless.[4]  For these reasons, courts have been forced to upend their usual course of business to address the public health risk arising from permitting numerous people to spend extended periods together in a courtroom as required for jury trials.  Given these circumstances, the period of nine months between Mr. Critchell's arrest by FBI and his anticipated trial date is not egregious and does not establish a deprivation of his speedy right trial.

### C. Tribal Detention as a Ruse

Mr. Critchell asserts that the Government coordinated with the tribal authorities and used his time in tribal custody to gather evidence for a federal prosecution.  He has requested documentation of the Government's communications with the FBI to determine whether there was indeed any improper coordination.  The Government provided the Court with its communications with tribal authorities under seal.  Following an in-camera review, the Court finds that there is no evidence of inappropriate coordination between the tribal authorities and the Government to substantiate allegations of "a ruse" in which the Government improperly delayed proceedings and violated his right to a speedy trial.

Mr. Critchell response to the Government's supplement provides no support for a contrary conclusion.  Dkt. # 77.  The Court need not address Mr. Critchell's allegation that Tulalip prosecutor Brian Kilgore's declaration was irrelevant and speculative because the Court did not rely on the declaration as a basis for any of its findings.  *Id.* at 2.  Mr. Critchell further alleged that he suffers prejudice because the Government has

---

[2] Centers for Disease Control and Prevention COVID Data Tracker. https://covid.cdc.gov/covid-data-tracker/#cases_casesper100klast7days. (Last checked November 19, 2020).
[3] Centers for Disease Control and Prevention, https://www.cdc.gov/flu/symptoms/flu-vs-covid19.htm (Last checked November 19, 2020.)
[4] *Id.*

ORDER – 11

proposed the use of an expert to form an opinion about the case, as opposed to a "blind" expert, who, along with the Government's other expert witnesses, would not have testified in Mr. Critchell's Tulalip trial. *Id.* at 3. Mr. Critchell goes on to conclude that absent these experts, Mr. Critchell "would have been acquitted." *Id.* This conjecture as to the outcome of the Tulalip trial is purely speculative and wholly unsupported and does not support a finding of prejudice. In the absence of evidence that Mr. Critchell's right to a speedy trial was "manipulated and undermined" or otherwise violated by the Government's action, this Court rejects Mr. Critchell's proposed "solutions" and **DENIES** the motion to dismiss.

### IV.  CONCLUSION

Based on the foregoing reasons, the Court **DENIES** the Motion to Dismiss the Indictment for Violation of Mr. Critchell's Right to a Speedy Trial. Dkt. # 53.

DATED this 23rd day of November, 2020.

*Richard A. Jones*
_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 12