The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>JUSTIN ERIN CRITCHELL,<br><br>                Defendant. | NO. CR20-0086-RAJ<br><br>ORDER CONTINUING<br>TRIAL DATE |

On December 2, 2020, this Court *sua sponte* issued an Order to Show Cause setting forth its concerns about the spread of the COVID-19 pandemic locally and the need to reassess its ability to balance the rights of criminal defendants with the rights of participants in criminal jury trials, as well as the health risks imposed on all. Dkt. 84. Due to the concerns set forth in the Order, the Court ordered the parties "to show cause why a criminal jury trial should proceed as scheduled," *id.*, and scheduled a hearing to address the matter on Friday, December 4, 2020, at 9:45 a.m. via Zoom videoconference. Both parties filed written responses to the Order to Show Cause on December 3, 2020 (Dkt. 86 and 89), and a hearing occurred as scheduled on December 4, 2020.

At this critical juncture in which the number of cases and hospitalizations has skyrocketed both locally and nationally, creating a significant health risk for gatherings, and given the facts set forth below, the Court hereby finds that it is not possible to proceed with a

jury trial in this matter on December 14, 2020.  Limiting the size and frequency of gatherings remains critical to preventing serious illness and death from COVID-19.  The continuing public health situation resulting from the pandemic also limits the availability and ability of witnesses, counsel, and court staff to be present in the courtroom.  Further, because of the recommendations that individuals at higher risk of contracting this disease – including individuals with underlying health conditions, individuals age 60 and older, and individuals who are pregnant – avoid large groups of people, at this time, it would be difficult, if not impossible, to get a jury pool that would represent a fair cross section of the community.  Based on the recommendations, it would also be medically inadvisable to do so.

Over the last two months, King County has experienced a swift uptick in the number of coronavirus cases with a 7-day average of about 140 daily cases in early October to a peak average of about 720 daily cases just before Thanksgiving.[1]  On November 15, 2020, after the average number of Washington COVID-19 cases doubled, Washington Governor Jay Inslee implemented a four-week statewide set of restrictions.[2]  Governor Inslee indicated that "[t]his spike puts us in a more dangerous a position as we were in March."[3]  And health officials warn the rate of infection will only continue to increase over the next few weeks.

Indeed, any hope for even a brief respite from the surge of coronavirus cases and related hospitalizations is likely to be dashed by the flurry of activity over the Thanksgiving holiday.  Despite warnings against travel from the Centers for Disease Control and Prevention ("CDC"), nearly 1.2 million people went through airports on the Sunday after Thanksgiving—the highest number since the start of the pandemic in March 2020.[4]  Given these activities, Dr. Anthony Fauci, Director of the National Institute of Allergy and Infectious Diseases, described the expected trajectory of coronavirus infections over the first

---

[1] https://www.kingcounty.gov/depts/health/covid-19/data/daily-summary.aspx
[2] https://www.governor.wa.gov/news-media/inslee-announces-statewide-restrictions-four-weeks.
[3] *Id*.
[4] https://www.king5.com/article/news/health/coronavirus/washington-state-after-thanksgiving-holiday-coronavirus-covid-19-increase/281-9c0fa5ad-ea2b-404d-ba19-83b4a677115b.

Order Continuing Trial Date
*United States v. Critchell,* CR20-0086-RAJ – 2

two weeks in December as "a surge superimposed on the surge we are already in."[5]  While Thanksgiving travel in Washington did not increase as much as it did nationally, a surge in cases and hospitalizations is expected nonetheless.[6]

In response to the surge of COVID-19 cases, federal district courts across the country have suspended jury trials or grand jury proceedings, reflecting a halt in the efforts by federal courts to resume operations.[7]  In Seattle, King County Superior Court suspended all in-person jury trials as of November 20, 2020 in response to the rise of infections.[8]  It determined that given the surge in cases, "[s]uspending jury trials is necessary to protect" the health and safety of jurors, litigants, court staff, as well as the entire community.[9]  The health risks of holding jury trials are not hypothetical.  They were vividly displayed recently when an Eastern District of Texas judge was forced to grant a mistrial in a jury trial because fifteen participants had tested positive for the coronavirus despite a variety of safety measures implemented by the court.[10]

As the Court indicated in its Order Denying Defendant's Motion to Dismiss for Speedy Trial Violation, Mr. Critchell's contention about grand jury proceedings is unavailing.  Given the significant public health implications, criminal jury trials and grand jury proceedings are not equivalent.  Grand juries are comprised of 16 to 23 members.  Fed. R. Crim. P. 6(a)(1).  The only additional people who may be present while the grand jury is in session are government attorneys, a witness, a court reporter, and possibly an interpreter.  Fed. R. Crim. P. 6(d)(1).  A criminal jury trial in this court, on the other hand, includes the participation of a judge, court staff, government attorneys, defense attorneys, witnesses, twelve jurors, two alternate jurors, and as many members of the public that may fit into the

---

[5] https://www.nbcnews.com/politics/meet-the-press/fauci-warns-superimposed-coronavirus-surge-after-thanksgiving-travel-n1249270.
[6] https://www.king5.com/article/news/health/coronavirus/washington-state-after-thanksgiving-holiday-coronavirus-covid-19-increase/281-9c0fa5ad-ea2b-404d-ba19-83b4a677115b.
[7] Courts Suspending July Trials as COVID-19 Cases Surge, United States Courts (Nov. 20, 2020), https://www.uscourts.gov/news/2020/11/20/courts-suspending-jury-trials-covid-19-cases-surge.
[8] https://www.kingcounty.gov/courts/superior-court/newsroom/news.aspx.
[9] *Id*.
[10] https://www.law360.com/articles/1329617/covid-19-outbreak-leads-to-mistrial-in-edtx.

court gallery. Perhaps more significantly, the process of jury empanelment in a criminal jury trial in this court usually includes 40 to 60 potential jurors, a judge, court staff, government attorneys, and defense attorneys, and is open to members of the public. This number of people in a courtroom presents a substantially higher risk than the number of people required for a grand jury proceeding and is simply unsustainable under the current public health conditions. *See* Order Denying Motion to Dismiss, at 8-9 (Dkt. 79).

The Court has received responses to some of the surveys sent with summonses to members of the potential jury pool in this matter. Six of the responding jurors are 65 years of age and older. Seven of the responding jurors are between 60 and 64 years of age. According to the CDC, eight out of ten COVID deaths in the United States are for individuals over the age of 65. Also, according to the CDC, for individuals age 65 to 74, the death rate is ninety times higher than for younger individuals, and individuals over the age of 65 have at least a five times higher chance of hospitalization than younger individuals. Individuals between the ages of 60 and 70 have a higher risk of severe illness than even those individuals in their 50s.[11]

According to a Seattle Times article published on December 4, 2020, the number of patients newly hospitalized in Washington State with COVID-19 is growing faster than at any other time during the pandemic. The number of patients being hospitalized each day now exceeds the number of hospitalizations last spring. The number of hospitalizations statewide more than doubled in November, as cases skyrocketed. Daily deaths, on average, also have begun to increase.[12]

The Court notes that Mr. Critchell has objected to any continuance of the trial date and defense counsel have indicated that they are ready and willing to proceed to trial on December 14, 2020, as scheduled. As a result of the above findings, however, the failure to grant a continuance of the trial date in this case would likely result in a miscarriage of

---

[11] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html
[12] https://www.seattletimes.com/seattle-news/health/washington-coronavirus-hospital-admissions-surge-to-highest-since-pandemic-began/

justice. Pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by continuing the trial in this case outweigh the best interest of the public and the defendant to a speedy trial.

IT IS HEREBY ORDERED that the trial in this matter is continued until February 8, 2021, with a status conference scheduled for 9:00 a.m. on January 19, 2021, to discuss the feasibility of the February 8 trial date. The Government shall file all pre-trial pleadings, including trial brief, proposed jury instructions, and proposed voir dire, by January 25, 2021. Mr. Critchell shall file all pre-trial pleadings, including trial brief, proposed jury instructions, and proposed voir dire, by January 29, 2021. The Court will not consider previous pre-trial filings and requests that the parties resubmit any prior filings, even if they are unchanged.

IT IS HEREBY FURTHER ORDERED that the time between December 4, 2020 and the new trial date of February 8, 2021, is excluded in computing the time within which trial must commence because the ends of justice served by granting this continuance outweigh the best interest of the public and the defendant in a speedy trial, 18 U.S.C. § 3161(h)(7)(A).

Because it is impossible to conduct an in-person jury trial on December 14, 2020 without exposing trial participants, their families, and anybody else they may come into contact with during or after the trial to an unacceptable level of risk to their health and safety, not continuing the trial date would result in a miscarriage of justice. *Id*. § 3161(h)(7)(B)(i).

DATED this 9th day of December 2020.

_____
The Honorable Richard A. Jones
United States District Judge