THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-20-0086-RAJ |
| Plaintiff, | |
| v. | |
| JUSTIN ERIN CRITCHELL, | ORDER ON MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO REOPEN BOND |
| Defendant. | |

## I. INTRODUCTION

This matter comes before the Court on Defendant Justin Critchell's ("Mr. Critchell") Emergency Motion for Reconsideration of the Court's Oral Order Denying Defendant's Motion to Reopen Bond. Dkt. # 96. Having considered the motion, the Government's response, Dkt. # 98, Mr. Critchell's reply, Dkt. # 99, and supplement, Dkt. # 101, the Court **DENIES** the motion.

## II. DISCUSSION

Motions for Reconsideration are usually disfavored and will be granted only upon "a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with

ORDER – 1

reasonable diligence." Local Rules W.D. Wash. LCR 7(h)(1). Mr. Critchell claims that the motion is warranted based on new facts that he could not have brought to the Court's attention when he filed the motion to reopen bond. He also raises legal arguments that the Court has already rejected. The Court will consider the new facts raised by Mr. Critchell and the Government, but it will not reconsider arguments it has already addressed in its prior orders.

### A. New Facts Raised

In his emergency motion filed on December 8, 2020, Mr. Critchell indicates that new positive cases of COVID-19 were discovered at the Federal Detention Center ("FDC") including within Mr. Critchell's housing unit. *Id.* Mr. Critchell also that notes that his medical records, disclosed by the Government prior to the show cause hearing but without sufficient time for Mr. Critchell's counsel to review them in their entirety, reveal that he suffers from hypertension and obesity and is, therefore, particularly vulnerable to "contracting the virus, being hospitalized, and dying from it." *Id.* at 3. Finally, Mr. Critchell notes that his recent discovery that pretrial services did not agree to release him to the halfway house or residential reentry center pending trial due to cost concerns violates 18 U.S.C. § 3154(4) and raises constitutional concerns. *Id.* at 7.

In its response filed on December 15, 2020, the Government reported that Mr. Critchell had tested positive after he filed his motion for reconsideration. Dkt. # 98 at 3-4. The Government indicated that he remains asymptomatic and is currently housed in isolation to minimize the spread of the virus. *Id* at 4. The Government also noted an increase in the number of FDC inmates and employees who have tested positive for the virus. *Id.* The Court notes that the most recently available information at the time of this Order indicates that 133 inmates and 8 staff have tested positive at the FDC and that there have been 48 recoveries in total and no deaths.[1]

In Mr. Critchell's reply, he proffers new information for the Court's consideration.

---

[1] https://www.bop.gov/coronavirus/index.jsp

ORDER – 2

On December 17, 2020, Mr. Critchell's counsel learned through an email from FDC staff that counsel would not be able to schedule an appointment with Mr. Critchell until January 4, 2021 because of "unforeseen circumstances." Dkt. # 99 at 6. Defense Counsel later notified the Court that the legal office for the FDC noted that Mr. Critchell "will be available for legal calls the week of December 28." Dkt. # 101 at 1. Because Mr. Critchell may be denied access to counsel until January 4, 2021, he argues that the Court should dismiss the Indictment without prejudice under the Court's inherent supervisory powers. *Id.* If the Court chooses not to dismiss the Indictment, Mr. Critchell requests "immediate and temporary release to the halfway house or the residential reentry center . . . so that [he] may be afforded a reasonable opportunity to communicate with his counsel to prepare for his trial on February 8, 2021." *Id.* at 7. Additionally, Mr. Critchell requests an evidentiary hearing to resolve material disputes, such as his weight and whether the FDC is equipped to provide medical treatment, if the Court denies his motion for reconsideration. *Id.* at 1, 6. The Court will address these facts in turn.

### B. Spread of COVID-19 at the FDC

The increase of coronavirus cases in the FDC is, unfortunately, not unique to the institution; it is happening in King County and across the country. *See* Dkt. # 97 at 2 (order continuing trial date). Regardless, Mr. Critchell's concern over the escalating risk of contracting coronavirus has become moot because he has now tested positive. With respect to the FDC's ability to care for Mr. Critchell, he provides no evidence to show that the FDC is "not equipped to provide medical treatment." Dkt. # 99 at 6. Further mooting his concern is the fact that Mr. Critchell is an asymptomatic 39-year-old, seemingly removing him from the highest-risk category. Indeed, this fact diminishes the alleged urgency to be released because Mr. Critchell is now at a significantly lower risk of contracting the virus again. The Court finds that these facts do not warrant reconsideration of its order.

### C. Constitutional Concerns over Cost Consideration of Alternative Detention

ORDER – 3

Mr. Critchell claims that pretrial services violated 18 U.S.C. § 3154(4) and potentially the Constitution by refusing to release him to the halfway house or a residential reentry center pending trial due to financial concerns. *Id.* at 7. This argument is unavailing. The Court's decision was not based on the cost of detention in alternative facilities. Over and again, the Court has underscored that Mr. Critchell's continual detention is based on his risk of non-appearance and his history of violence and criminal activity. These are the key—and only—determinants in maintaining his detention at the FDC. The Court finds that the question of a financial obstacle to alternative custody is irrelevant and does not warrant reconsideration of its prior decision.

### D. Denial of Access to Counsel

Finally, the only new fact that remains is the suspension of Mr. Critchell's contact with his counsel. The Court finds that the suspension of access to counsel for one to two weeks is insufficient to hamper pre-trial preparation and warrant dismissal of the Indictment and temporary release. Indeed, trial was continued only ten days before it was scheduled to begin, and trial preparation should have been well underway. Even if defense counsel is unable to contact Mr. Critchell until January 4, 2021, they would still have over a month to prepare for the February 8, 2021 trial date. The Court does not find this new fact compelling enough to warrant reconsideration.

### III.   CONCLUSION

The Court finds that the new facts presented by the parties are insufficient to warrant reversal of the Court's prior decision on bond. For the above reasons, the Court **DENIES** the Motion for Reconsideration of Order Denying Motion to Reopen Bond. Dkt. # 96.

DATED this 22nd day of December, 2020.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 4