The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>JUSTIN ERIN CRITCHELL,<br><br>                Defendant. | NO. CR20-0086-RAJ<br><br>ORDER CONTINUING<br>TRIAL DATE |

       Trial in this matter is currently scheduled for April 5, 2021.  Dkt. No. 106.

       On December 30, 2020, Chief Judge Martinez issued General Order 18-20 in response to the continuing outbreak of Coronavirus Disease (COVID-19) in this District.  The General Order noted that the significant increase in the daily number of positive cases, hospitalizations, and deaths "has foreclosed the possibility of further increasing the number and type of in-court proceedings" and explained further as follows:

> A statewide vaccination effort has begun, with the first doses going to "Phase 1A" groups, which include frontline health workers and long-term care residents and staff.  The distribution of the vaccine to other members of the general public is anticipated to proceed in phases through the coming months.  At this time, it appears likely that the majority of individuals with business in the Courthouses, including potential jurors, will not be fully vaccinated before March 31, 2021.  Limiting the size and frequency of gatherings remain critical to preventing serious injury and death from COVID-19.

Accordingly, General Order 18-20 continued all "criminal in-person hearings and trials…scheduled to occur before March 31, 2021…pending a future general order from this Court or the order of an individual judge consistent with the procedures set forth in General Order 15-20."

On March 19, 2021, Chief Judge Martinez issued General Order 04-21 holding that with the exception of specific exceptions set forth in the Order, the procedures established by General Order 15-20 are continued until June 30, 2021.  General Order 04-21 explained that over "the last two months, the daily number of positive cases, hospitalizations, and deaths have significantly decreased in the Western District of Washington.  A significant percentage of the public in this district has been vaccinated against the novel coronavirus.  The vaccine has been available to those most vulnerable to serious complications from the virus and is now available to the Court's staff.  The distribution of vaccines to other members of the general public is anticipated to proceed in phases through the next two months.  At this time, it appears likely that the majority of individuals with business in the Courthouses will have access to the vaccine by June.  Until the majority of the public has received the vaccine and been fully vaccinated, limiting the size and frequency of gatherings remain critical to preventing serious injury and death from COVID-19."

General Order 04-21 further ordered as follows:

> All District Court civil and criminal in-person hearings and trials in these Courthouses scheduled to occur before June 30, 2021, are continued pending a future general order from this Court, unless the individual judge in each case has issued or will issue an order consistent with the procedures set forth in General Order 15-20.  Civil bench and jury trials conducted remotely over Zoom.gov are not continued and may proceed.

> The number of criminal proceedings that can occur in the Courthouses will begin to increase starting May 3, 2021.  The Court will be strictly limiting the number of people that can physically attend these proceedings.

> In-person criminal trials will be scheduled starting May 17, 2021.  These trials will proceed one-at-a-time in each Courthouse; there will not be simultaneous in-person trials.

On March 3, 2021, the Court granted the ex-parte motion to withdraw filed by Defendant's prior counsel. Dkt. 114. On March 4, 2021, the Court appointed Peter Camiel to represent Defendant. Dkt. 115. Mr. Camiel is currently in the process of reviewing discovery, conferring with Defendant, analyzing the case, and arranging for additional investigation. Under these circumstances, it would be unreasonable to expect adequate and effective preparation for trial within the limitations of the current trial date, which is only a few days away. Counsel for Defendant has indicated that he will be prepared to try the case on September 7, 2021.

The Court notes that Defendant has previously objected to continuances of the trial date and that Defendant has not waived his right to argue that his Speedy Trial rights were violated. However, failure to grant a continuance of the trial date in this case would likely result in a miscarriage of justice. Pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by continuing the trial in this case outweigh the best interest of the public and the defendant to a speedy trial.

IT IS HEREBY ORDERED that the trial in this matter is continued to September 7, 2021, with a status conference scheduled for 9:00 a.m. on June 10, 2021. The Government shall file all pre-trial pleadings, including its trial brief, proposed jury instructions, and proposed voir dire, by August 24, 2021. Defendant shall file all pre-trial pleadings, including a trial brief, proposed jury instructions, and proposed voir dire, by August 27, 2021. The Court will not consider previous pre-trial filings and requests that the parties resubmit any prior filings, even if they are unchanged.

IT IS HEREBY FURTHER ORDERED that the time between the date of this Order and the new trial date of September 7, 2021, is excluded in computing the time within which trial must commence because the ends of justice served by granting this continuance outweigh the best interest of the public and Defendant in a speedy trial, 18 U.S.C. § 3161(h)(7)(A). Failure to grant this continuance would likely make trial impossible and result in a miscarriage of justice, and would deny counsel for Defendant and government counsel the reasonable time necessary for effective preparation, taking into account the

exercise of due diligence.  *Id*. at § 3161(h)(7)(B)(i), (iv).

Finally, the Court notes that the pretrial motions deadline in this matter has already passed and the parties have extensively litigated pretrial motions.  Consequently, absent compelling or changed circumstances, the Court is not inclined to allow additional pretrial motions, and the Court reserves ruling on defense counsel's request that the Court set a new pretrial motions deadline.  No later than July 7, 2021, defense counsel may submit a summary setting forth the justification for seeking leave to file additional pretrial motions based on new discovery and/or information gleaned upon additional investigation.  Counsel must meet and confer with government counsel prior to filing the summary to determine if any issues may be resolved without Court intervention.

DATED this 2nd day of April, 2021.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge